## LEOLA COPELAND, v. J. F. GREEN, et al.,

Western Section. Feb. 4, 1927.

Petition for Certiorari denied by Supreme Court May 7, 1927.

1. Divorce. Jurisdiction.
   If the defendant is a nonresident or a convict, the suit can be brought in the county where the plaintiff resides and publication be made, but if publication is to be made for a defendant whose place of residence is unknown, then the suit can be brought only in the county in which the separation took place and in either case the facts which warrant the publication are jurisdictional and must appear on the face of the petition.

2. Divorce. Pleading. Facts which warrant publication are jurisdictional and must appear on the face of the petition.
   Where service is obtained by publication, jurisdictional facts must appear on the face of the petition.

3. Divorce. Pleading. Pleading held insufficient.
   Where service is obtained by publication on the ground of unknown residence and the petition filed did not state, when, where and in what manner the separation took place nor in what county the parties lived at the time of the separation, held insufficient to warrant service by publication.

4. Divorce. Pleading. Petition held not to comply with statute and insufficient.
   Where a petition for divorce did not state when, where or under what circumstances the separation took place, held not to comply with section 4205 of Shannon's Code and did not state a cause of action.

Appeal from Chancery Court, Shelby County; Hon. Wightman Hughes, Judge.

J. G. Reasonover, of Memphis, for appellant.

C. H. Fox, of Memphis, for appellee.

HEISKELL, J. The original bill and amendment thereto were filed for three purposes by complainant Leola Copeland.

1. To impeach for fraud the decree granted March 7, 1919, by the circuit court of Shelby county, Tennessee, to the defendant, John Copeland for absolute divorce from the complainant.

2. To reform for fraud or forgery the warranty deed executed by Frank Trimble, of record in Book 470, Page 552, Register's Office, Shelby county, Tennessee, conveying to the defendant, John

Copeland, the property involved in this litigation, so as to create in him and complainant a tenancy by the entirety.

3. To enjoin the defendant, J. F. Green, from prosecuting the unlawful detainer suit filed by him in January, 1925, in a magistrate's court.

The case was tried before the Chancellor on oral testimony by agreement of all the parties. After taking the case under advisement, the court decided against the complainant on every question raised by her, and dismissed her bill.

From this decree complainant has appealed and assigned errors. The facts necessary to understand the case are these.

The complainant, Leola Copeland and the defendant, John Copeland, negroes, were married on or about December 28, 1892, in Shelby county, Tennessee, and there were born to them three children, two daughters and one son, all of whom are of age.

At the time of said marriage, the parties owned no real estate and very little personal property. John was a share cropper on rented land.

On January 12, 1903, the defendant, John Copeland, entered into a contract with one Frank Trimble, for the purchase of the property involved in this litigation for the sum of $825, the contract of sale, which is in the nature of a title bond, providing that said Trimble would execute and deliver to said Copeland a good and valid warranty deed upon payment of all the notes executed by said Copeland for the deferred purchase money.

On November 14, 1906, the said Trimble executed and delivered to the said John Copeland, a warranty deed to said property in compliance with his contract of sale or title bond, and said warranty deed was filed for record in the Register's Office of Shelby county, Tennessee, on May 3, 1910, and recorded in Book No. 470 at Page No. 552. Mr. Trimble died several years before this suit was filed.

In 1909, the complainant and John Copeland separated, or ceased to live together as man and wife. While complainant insists upon the year 1909 as the date of separation, the defendant Copeland claims that it occurred at least ten years prior to that date.

In the year 1918 the complaniant moved to a farm in the State of Mississippi and lived there continuously until 1922.

On January 27, 1919, the defendant Copeland filed a petition for divorce against the complainant, Leola Copeland, in the circuit court of Shelby county, Tennessee, upon the ground that the said Leola wilfully and maliciously deserted him more than two whole years before the filing of the petition. Service was had by publication, and a decree for absolute divorce was granted March 7, 1919, upon pro confesso and a trial ex parte.

In 1922 the complainant with her children, both her daughters then being married, moved upon said property with the consent of the defendant, John Copeland. Copeland claims, however, that he rented the land to his daughter, Mary Ann, for four bales of cotton a year, and upon her failure to deliver the cotton, he filed suit against her in a Magistrate's Court in Collierville, to recover one bale. The case was decided against him.

In the early part of 1923, defendant Copeland listed the property for sale with The H. L. Guion Company, a reputable real estate firm in the City of Memphis, and a short time thereafter a trade or exchange of property was affected with defendant J. F. Green through J. D. Bicknell, a real estate agent connected with said Guion Company, and said Green conveyed to defendant Copeland by warranty deed certain property in the City of Memphis in exchange for the sixty-six acres involved in this litigation, and Copeland executed notes for the balance due Green in the trade.

After the trade with Copeland was closed, or on or about March 17, 1923, the said Bicknell, as agent for Green, endeavored to obtain a lease from the complainant for the use of said farm, but she refused to sign it. A unlawful detainer suit was thereupon filed in the court of George B. Coleman, a Justice of the Peace, by H. L. Guion Company as agent for John Copeland against Leola Jackson, the complainant, the suit being brought against her in her maiden name. The complainant was represented in said suit by Mr. James L. McRee, a member of the firm of Jackson, Neil and McRee. A judgment for possession was rendered against her, but before a writ of possession was issued, Mr. Charles Dean, her friend, a merchant at Collierville, Tennessee, advised Mr. Bicknell that the complainant would sign the lease if it was sent to him. The lease was accordingly forwarded to Mr. Dean and was later signed by the complainant.

Upon the execution of said lease by the complainant, no further steps were taken in said unlawful detainer suit.

In the fall of 1924, the defendant Green filed a suit in the court of E. E. Strong, Justice of the Peace, for the rent cotton the complainant agreed to pay under the lease hereinbefore mentioned. Judgment was rendered against her and the case is now pending on appeal in the circuit court of Shelby county.

In January, 1925, Green followed his suit for the rent with an unlawful detainer suit in the same justice's court, this suit for possession being predicated upon the lease executed by the complainant, and it was this unlawful detainer suit which precipitated the injunction bill in this case.

The complainant contends:

1. That the defendant Copeland procured the contract of sale and deed from Trimble in his own name in violation of his oral

agreement with her that in consideration of her assistance in culti-
vating the crops, doing the cooking for the family and attending
to her general domestic duties, he would have the deed made to them
jointly, so as to create an estate by the entireties, and that she did
not learn of his violation of this agreement until 1922.

2. That the defendant Copeland procured his divorce decree
in 1919 by fraud upon the circuit court of Shelby county, Tennessee
and that said divorce proceedings were void for want of jurisdic-
tion by said court.

3. That the lease executed by her in April, 1923, and the rent
note referred to therein, whereby she agreed to pay to defendant
Green 1500 pounds of lint cotton on October 15, 1923, was pro-
cured from her by fraud and intimidation and was therefore void.

4. That she went into possession of the land in controversy in
the spring of 1922 under an oral agreement or promise by the de-
fendant Copeland that the property was hers and she was in pos-
session, holding adversely to said Copeland when he sold and con-
veyed said property to defendant Green in March, 1923, thus mak-
ing the deed from Copeland to Green champertous and void.

All these contentions, both as to matters of fact and of law, are
denied and controverted by the defendants.

This case having been heard on oral proof; all questions of fact
decided against the complainant are conclusive against her, there
being material evidence to sustain the findings of the Chancellor.
The doctrine of champerty does not apply to the purchase of Green
from John Copeland. The only open question in the case for this
court to consider is whether or not the divorce decree of March 7,
1919 in the circuit court was void for want of jurisdiction. This
presents a question of law not dependent upon any facts decided by
the lower court.

The petition seeks a divorce on the ground of desertion and ab-
sence without reasonable cause for more than two years and does
not state when, where and in what manner the separation took
place, nor in what county the parties lived at the time of the separ-
ation.

The petition asks for publication for the defendant Leola Cope-
land on the ground that her place of residence is unknown and
cannot be ascertained after diligent inquiry.

Code 4204 provides as follows:

"The bill may be filed in the proper person and name of the
complainant, in the circuit or chancery court of the county
or district where the parties resided at the time of their sep-
aration or in which the defendant resides or is found, if a resi-
dent; but if a nonresident or convict then in the county where
the applicant resides."

Under this provision, if the defendant is a nonresident or a convict, the suit can be brought in the county where the plaintiff resides and publication be made, but if publication is to be made for a defendant whose place of residence is unknown, then the suit can be brought only in the county in which the separation took place and in either case the facts which warrant the publication are jurisdictional and must appear on the face of the petition. The petition for divorce in this case did not warrant the publication and for this reason the decree is void.

It is also void for another reason. The bill does not state when, where or under what circumstances the separation took place and therefore does not comply with Code 4205. We so held in Beard v. Beard (Opinion October 12, 1926), in which the authorities were collected and reviewed. That was a charge of cruel and inhuman treatment, but we think the rule is also applicable in this case.

The divorce decree being void, the complainant, Leola Copeland, is still the wife of John Copeland. We are not willing to hold on this record that she has forfeited her right of homestead. That question was not made below and should not be decided against the wife in the present state of the case. She does not ask to have homestead set apart to her and it is insisted by counsel for Green, the purchaser from Copeland, that to sustain complainant's bill and make the injunction perpetual would work a great injustice to Green, who was held by the Chancellor to be in no fault, and this for two reasons. First, it would impose upon him the burden of a proceeding to have complainant's homestead set apart to her and second, as between Green and Copeland, the property conveyed by Green to Copeland in exchange for the property claimed by the wife should first be subjected to homestead. There is certainly force in these contentions. We find nothing in the record to show the value of the property in question or of the property conveyed by Green in exchange except that the deed to Green shows State tax $5.50 paid and the deed from Green to Copeland shows $6.50 U. S. Doc. Stamps. This would indicate values largely in excess of $1000 for both properties, so that in either case homestead would have to be carved out of the property in kind or by sale.

The decree will be modified as indicated and the case will be remanded to the chancery court of Shelby county for the purpose of working out the rights of the parties upon such further proceedings as may be deemed necessary. The injunction will be maintained to protect the possession of complainant, Leola Copeland, for such reasonable time as may be necessary for her to prosecute an application to have homestead set apart to her. Defendants Green and Copeland will not be precluded in the subsequent proceedings further than by the holding that the divorce decree is set aside as invalid.

Senter and Owen, JJ., concur.